UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DANILO MARTINEZ, and others similarly-situated,

    Plaintiff,

vs.

NIDO CAFFE 110 LLC, d/b/a NIDO CAFFE', a Florida Limited Liability Company, NIDO CAFFE 2015 LLC, d/b/a NI.DO CAFFE', d/b/a NI.DO CAFFE & MOZARELLA BAR, a Florida Limited Liability Company, PANAREA MIAMI, LLC, a Florida Limited Liability Company, LISANDRO GARCIA, individually, DAIAN ESCALANTE, individually,

    Defendant.

_____/

# COMPLAINT

COMES NOW Plaintiff, DANILO MARTINEZ, by and through his undersigned attorney, and hereby sues Defendants, NIDO CAFFE 110 LLC, d/b/a NIDO CAFFE', a Florida Limited Liability Company (herein referred to as "NIDO 110"), NIDO CAFFE 2015 LLC, d/b/a NI.DO CAFFE', d/b/a NI.DO CAFFE & MOZARELLA BAR (herein referred to as "NIDO 2015"), a Florida Limited Liability Company, PANAREA MIAMI, LLC, a Florida Limited Liability Company (herein referred to as "PANAREA"), LISANDRO GARCIA, individually, DAIAN ESCALANTE, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. The Plaintiff DANILO MARTINEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendants are restaurants which regularly transacted business within Miami-Dade County, Florida, including the work performed by the Plaintiff while he was employed by the Defendants.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

## Coverage

6. NIDO 2015 is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, NIDO 2015 operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. NIDO 2015 purchased food ingredients, food preparation tools, utensils, plates, and other goods, materials and equipment which travelled in interstate commerce. Two or more kitchen employees of NIDO 2015 used the aforementioned goods, materials and equipment.

7. Upon information and belief, the annual gross income for the Defendant NIDO 2015 during the years 2014, 2015 and 2016 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant NIDO 2015 during the year 2017 is expected to exceed $500,000.00. Upon information and belief, the annual gross income for the Defendant NIDO 2015 during the first half of 2017 was in excess of $250,000.00.

8. By reason of the foregoing, NIDO 2015 is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

9. NIDO 110 is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, NIDO 110 operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. NIDO 110 purchased food ingredients, food preparation tools, utensils, plates, and other goods, materials and equipment which travelled in interstate commerce. Two or more kitchen employees of NIDO 110 used the aforementioned goods, materials and equipment.

10. Upon information and belief, the annual gross income for the Defendant NIDO 110 during the years 2014, 2015 and 2016 was in excess of $500,000.00, annually. Upon information and belief, the annual gross income for the Defendant NIDO 110 during the year 2017 is expected to exceed $500,000.00. Upon information and belief, the annual gross income for the Defendant NIDO 110 during the first half of 2017 was in excess of $250,000.00.

11. By reason of the foregoing, NIDO 110 is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

12. PANAREA is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, PANAREA operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. PANAREA purchased food ingredients, food preparation tools, utensils, plates, and other goods, materials and equipment which travelled in interstate commerce. Two or more kitchen employees of PANAREA used the aforementioned goods, materials and equipment.

13. PANAREA is a recently formed (April 22, 2017), successor entity of NIDO 110. PANAREA and NIDO 110 are both under the operational control of LISANDRO GARCIA. PANAREA and NIDO 110 both share a common manager, NEW CARS, INC., of which LISSANDRA GARCIA is the president. PANAREA and NIDO 110 both operate an Italian restaurant. PANAREA and NIDO 110 share the same location (11052 Biscayne Blvd., North Miami, Florida 33161). PANAREA and NIDO 110 share the same employees. PANAREA and NIDO 110 share the same restaurant tools, materials, and equipment.

14. Upon information and belief, based upon NIDO 110 being a covered entity, PANAREA is also expected to be a covered entity. Accordingly, PANAREA is also expected to have gross annual income in excess of $500,000.00, annually. Upon information and belief,

4

PANAREA the annual gross income for the Defendant NIDO 110 during the first half of 2017 was in excess of $250,000.00.

15. By reason of the foregoing, PANAREA is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

<u>Individual Defendants</u>

16. The individual Defendant, LISANDRO GARCIA, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant GARCIA controlled the purse strings for the corporate Defendant. Defendant GARCIA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA

17. The individual Defendant, DAIAN ESCALANTE, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff and opt-in plaintiffs. Defendant ESCALANTE controlled the purse strings for the corporate Defendant. Defendant ESCALANTE hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

**COUNT I: UNPAID OVERTIME WAGES**

18. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

19. The corporate Defendants are restaurant. Plaintiff was employed by the Defendant as a kitchen employee.

20. Plaintiff MARTINEZ was employed for the Defendants during the period of approximately April 2014 through May 21, 2017. During the period of approximately April 2014 through January 2016, Plaintiff was paid at a rate of $800 per week. From February 2016 through May 21, 2017, Plaintiff was paid at a rate of $850 per week.

21. Plaintiff MARTINEZ was jointly employed by NIDO 110 and NIDO 2015. NIDO 110 acted directly and indirectly to the support the operations of NIDO 2015, and vice-versa. NIDO 110 and NIDO 2015 were not completely disassociated from each other with respect to employment decisions, including hiring, firing, supervising and terminating employee. Thus, both NIDO 110 and NIDO 2015 can be said to have shared in controlling the Plaintiff's employment conditions. As a result, Plaintiff was commonly controlled by both NIDO 110 and NIDO 2015.

22. Plaintiff worked approximately 47 hours per week. Except for a two-week, Plaintiff was not paid overtime wages when he worked more than 40 hours per week. Plaintiff is owed these overtime wages at a rate of time and one-half the regular rate of pay.

23. The similarly situated individuals are those individuals whom were employed by the Defendant as kitchen employees and whom were not paid overtime wages, in whole or in part.

24. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours

provided by the FLSA but no provision was made by the Defendants to properly pay his at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

25. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants having knowledge of Plaintiff's hours and Defendants' failure to pay overtime wages, Defendants did not alter their pay practices to pay overtime wages. Defendants continued their wage practices despite such knowledge.

26. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

Dated: June 28, 2017

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (305) 308 - 5619
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013


Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 350A
Miami, Florida 33161
Telephone 305-773-6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561