United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Danilo Martinez, Plaintiff, <br><br> v. <br><br> Nido Caffe 110 LLC d/b/a Nido Caffe' and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 17-22411-Civ-Scola <br> ) <br> ) <br> ) |

**Order on Defendant's Motion To Dismiss**

Plaintiff Danilo Martinez brings this suit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). This matter is before the Court on Defendant Panarea Miami LLC's ("Panarea's") Motion to Dismiss (ECF No. 33). For the reasons set forth below, the Court **grants** the motion to dismiss.

1. **Background**

Martinez alleges that he was jointly employed by Defendant Nido Caffe 110 LLC, doing business as Nido Caffe' ("Nido 110"), and Defendant Nido Caffe 2015 LLC, doing business as Ni.do Caffe & Mozarella Bar ("Nido 2015"), from April 2014 through May 21, 2017. (Compl. ¶¶ 20-21, ECF No. 1.) Martinez alleges that, although he worked more than 40 hours per week, he was not paid overtime wages. (*Id.* ¶ 22.) He filed a one-count complaint against Nido 110, Nido 2015, Panarea, Lisandro Garcia, and Daian Escalante. Martinez alleges that Garcia and Escalante had operational control over the "Defendant corporation," and that Panarea is the successor entity of Nido 110. (*Id.* ¶¶ 13, 16-17.)

2. **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

### 3. Analysis

The FLSA requires employers to pay employees that work in excess of forty hours per week at a rate of one and one-half times the regular rate at which the employee is employed. 29 U.S.C. § 207(a)(1). Martinez does not allege that Panarea was his employer. Rather, Martinez alleges that Panarea is the successor entity to Nido 110, his joint employer along with Nido 2015. (Compl. ¶¶ 13, 21.)

The Eleventh Circuit has applied federal successor-liability law to FLSA cases. *See Hatfield v. A+ Nursetemps, Inc.,* 651 Fed. Appx. 901, 906-07 (11th Cir. 2016) (applying federal successor-liability law to determine whether judgment in FLSA case could be enforced against successor corporation). The federal standard for successor liability analyzes whether:

> (1) [T]he successor had notice of the pending action; (2) the predecessor would have been able to provide the relief sought in the action before the sale; (3) the predecessor could have provided the relief after the sale (its inability to provide relief favors successor liability); (4) the successor can provide the relief sought in the action; and (5) there is continuity between the operations and work force of the predecessor and the successor.

*Id.* at 907 (citing *Teed v. Thomas & Betts Power Solutions, L.L.C.,* 711 F.3d 763, 765-75 (7th Cir. 2013)) (internal quotations and alterations omitted). The successor liability determination "must be conducted in light of the facts of each case and the particular legal obligation at issue." *Id.* at 906 (citing *In re Nat'l Airlines, Inc.,* 700 F.2d 695, 689 (11th Cir. 1983)). The allegations in the complaint must provide the factual basis necessary to draw a reasonable

inference of successor liability. *See Cuervo v. Airport Serv.'s, Inc.*, 984 F.Supp.2d 1333, 1340 (S.D. Fla. 2013) (Goodman, Mag. J.) (determining whether FLSA complaint adequately alleged liability under the federal successor liability standard); *Boateng v. Retirement Corp. of America Partners, L.P.*, No. 1:12-cv-01959, 2013 WL 12061901, *4-5 (N.D. Ga. Mar. 5, 2013) (same).

The Complaint contains sufficient factual allegations for the Court to draw a reasonable inference that there is continuity between the operations and work force of Nido 110 and Panarea, since it alleges that Panarea has the same manager, uses the same location, and uses the same employees, materials, and equipment as Nido 110. (Compl. ¶ 13.) However, the Complaint does not contain factual allegations concerning any of the other factors listed above. Therefore, the Complaint does not plausibly state a claim against Panarea, particularly in light of the fact that both of Martinez's joint employers are named as defendants in this suit. *See Boateng*, 2013 WL 12061901, at *4-5 (dismissing complaint without prejudice because the plaintiff failed to allege that the successor corporations were aware of any potential claims for violations of the FLSA at the time they purchased the predecessor corporation and failed to allege that the predecessor was not able to provide the relief requested).

### 4. Conclusion

Accordingly, the Defendant's Motion to Dismiss is **granted** (**ECF No. 33**), and the claim against Defendant Panarea Miami LLC is **dismissed without prejudice**. If the Plaintiff is able to correct the deficiencies identified above, he may file an amended complaint on or before **November 27, 2017**.

**Done and ordered**, Miami, Florida, on November 16, 2017.

Robert N. Scola, Jr.
United States District Judge