United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Danilo Martinez, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-22411-Civ-Scola |
| | ) |
| Nido Caffe 110 LLC d/b/a Nido Caffe', and others, Defendants. | ) |

## Order Granting Motion for Entry of Default Judgment

This matter is before the Court on the Plaintiff's Motion for Final Default Judgment against Defendants Nido Caffe 110 LLC and Lisandro Garcia. (ECF No. 55). The Court has considered the motion and the accompanying affidavit from the Plaintiff (ECF No. 55-1). Based on this information and the relevant law, the Court **grants** the motion (**ECF No. 55**).

The Clerk entered default against Defendants Nido Caffe 110 LLC and Lisandro Garcia on August 4, 2017 and December 27, 2017, respectively (ECF Nos. 16, 51.) A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

The Complaint asserts one count against the Defendants for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Compl., ECF No. 1.) To establish this claim, the Plaintiff must show that: 1) he was employed during the time period involved, 2) that he is "covered" by the FLSA, 3) that he worked more than forty hours per week; and 4) that the Defendants did not pay him all of his overtime wages. *See Johnson v. Nobu Assocs. S. Beach, LP*, 2010 WL 4366253, at *2 (S.D. Fla. Oct. 28, 2010) (King, J.); *Kasby v. Upper Deck Bar & Grill, LLC*, 2013 WL 6050747, at *3 (M.D. Fla. Nov. 15, 2013). Based on the allegations in the Complaint, deemed admitted, and the Plaintiff's affidavit, these elements are met.

The Plaintiff claims $8,956.71 in unpaid overtime wages and an equal amount in liquidated damages, for a total of $17,913.42. (Affidavit ¶ 8.) The Court has already approved the Plaintiff's settlements with Defendants Panarea Miami, LLC, Nido Caffe 2015, LLC, and Daian Escalante. (ECF Nos. 54, 57.) Pursuant to these settlements, the Plaintiff received $5,700 and his attorneys received $5,050 in fees and costs. Accordingly, the Plaintiff seeks a default judgment against Defendants Nido Caffe 110 LLC and Lisandro Garcia in the amount of $12,213.42, which represents the difference between his claim and the amount that he has received pursuant to the settlement agreements. (Mot. for Default J. 2-3.) In addition, the Plaintiff seeks $1,332.50 in attorneys' fees and costs for the fees and costs incurred in connection with the filings concerning the defaulting Defendants. (*Id.* at 3.) In the Eleventh Circuit, a prevailing plaintiff under 29 U.S.C. §§ 206 or 207 "is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in good faith in violating" the FLSA. *Miller v. Paradise of Port Richey, Inc.*, 75 F.Supp.2d 1342, 1344 (M.D. Fla. 1999) (citations omitted). Therefore, in FLSA cases, courts typically award plaintiffs liquidated damages based solely on affidavits setting forth the actual damages. *See, e.g., Brown v. Everest Moving & Storage, Inc.*, No. 12-62530, 2013 WL 12126001, at *3 (S.D. Fla. Aug. 20, 2013) (Rosenbaum, J.) (awarding liquidated damages based solely on the plaintiff's affidavit setting forth actual damages since an employer bears the burden of demonstrating that liquidated damages are not warranted in FLSA cases); *Vician v. Roberts*, No. 8:13-cv-1871, 2015 WL 501015 (M.D. Fla. Feb. 5, 2015) (awarding liquidated damages in order on default judgment based solely on plaintiffs' declarations setting forth actual damages); *Poole v. Strahlen Integration, Inc.*, No. 3:08-cv-0142-, 2010 WL 11506544 (N.D. Ga. Jan. 4, 2010) (same).

Accordingly, the Court **enters judgment** in favor of the Plaintiff and against Defendants Nido Caffe 110 LLC and Lisandro Garcia, in the amount of $13,545.92, for which sum let execution issue. This amount consists of $12,213.42 in unpaid overtime wages and $1,332.50 in attorneys' fees and costs. Interest upon this judgment amount will accrue at the applicable legal rate. The Clerk shall **close** this case, and any pending motions are **denied** as moot.

**Done and ordered** in chambers, at Miami, Florida, on January 16, 2018.

_____
Robert N. Scola, Jr.
United States District Judge